2019R001177/SM



RECEIVED

JAN 2 3 2023

AT 8:30                    3:30 M.
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| v. | : | Crim. No. 23-64 |
| SHAFAT A. QUADRI | : | 18 U.S.C. § 1832(a)(1) |
| | : | 18 U.S.C. § 1832(a)(2) |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

1.  At all times relevant to this Indictment:

    a.  "Company 1" was a New Jersey-based American multinational pharmaceutical company headquartered in Rahway, New Jersey that operated pharmaceutical research facilities around the world, including at least one facility in New Jersey.

    b.  Company 1 spent a considerable amount of resources, including time and money, in the research and development of various potential pharmaceutical products, including biopharmaceutical products. Company 1's trade secrets were vital to the ability of Company 1 to successfully operate its business.

    c.  Company 1 put numerous safeguards in place to protect the secrecy of its proprietary formulas, processes, and other confidential materials, deemed as its trade secrets. Only authorized employees of Company 1 had access to trade secrets, and each employee was obligated to access and use trade secrets only in connection with performing duties within the scope of his/her employment with Company 1.

d. Each employee acknowledged and signed Company 1's Employment Terms and Conditions ("ETC"), which required Company 1 employees to be trained on handling and protecting trade secrets. The ETC specifically stated that all intellectual property and trade secrets, including any such information or data authored or obtained by the employee during the course of his/her employment, belonged to Company 1. The ETC further stated, and by signing it each employee acknowledged, that employees agreed not to convey, divulge or otherwise make use of any such intellectual property and trade secrets. The employees' obligation to safeguard Company 1's intellectual property and trade secrets survived termination of employment.

e. Defendant Shafat A. Quadri ("Quadri") was a North Potomac, Maryland resident who was employed by Company 1 as its Director of Medical and Scientific Affairs, Immune Oncology from in or around 2015 to on or about September 30, 2019.

f. Quadri signed the ETC in May 2015 and again in September 2019, acknowledging in part that no intellectual property or trade secrets relating to Company 1 could be removed from Company 1's premises without prior written authorization from the appropriate supervisor.

g. In addition, during the period between May 2015 and September 2019, Quadri completed various in-house training programs aimed at protecting Company 1's intellectual property and trade secrets. This included, among others, programs titled "Protecting Trade Secrets"; "Information Classification Levels"; "For your Eyes Only (Basic Information

2

Security Awareness)"; "Understanding [Company 1]'s Code of Conduct"; and "Code of Conduct Annual Training General Data Protection Regulation."

    h.    Quadri submitted a letter of resignation to Company 1 on or about September 16, 2019. Quadri's last day at Company 1 was September 30, 2019, the same day he began employment with "Company 2," a pharmaceutical company headquartered in Wilmington, Delaware and a direct competitor of Company 1.

    i.    A review of Company 1's computer system later revealed that both shortly before and shortly after Quadri resigned from Company 1, he had transferred trade secret information belonging to Company 1 to his private email accounts, to unauthorized USB external storage devices that were not issued by Company 1, and to his Company 2 email account.

    j.    The information Quadri took included data relating to pharmaceutical areas and products where Company 1 and Company 2 were in direct competition.

    k.    The information Quadri took included data relating to pharmaceutical areas unconnected with Quadri's role and responsibilities at Company 1.

## COUNT ONE
## (Theft of Trade Secrets)

2.     Between in or about August 2019 and on or about September 30, 2019, in Middlesex County, in the District of New Jersey, and elsewhere, the defendant,

### SHAFAT A. QUADRI,

with intent to convert trade secrets that were related to products and services used in and intended for use in interstate and foreign commerce, specifically, documents containing proprietary medical and scientific information pertaining to pharmaceutical research and development belonging to Company 1, to the economic benefit of persons other than the trade secrets' owner, and intending and knowing that the offense would injure any owner of those trade secrets, knowingly stole, and without authorization appropriated, took, carried away, and concealed trade secrets belonging to Company 1.

In violation of Title 18, United States Code, Section 1832(a)(1).

## COUNT TWO
## (Unauthorized Transmission of Trade Secrets)

3.     Between in or about August 2019 and on or about September 30, 2019, in Middlesex County, in the District of New Jersey, and elsewhere, the defendant,

## SHAFAT A. QUADRI,

with intent to convert trade secrets that were related to products and services used in and intended for use in interstate and foreign commerce, specifically, documents containing proprietary medical and scientific information pertaining to pharmaceutical research and development belonging to Company 1, to the economic benefit of persons other than the trade secrets' owner, and intending and knowing that the offense would injure any owner of those trade secrets, knowingly and without authorization copied, duplicated, downloaded, uploaded, replicated, transmitted, delivered, sent, communicated, and conveyed trade secrets belonging to Company 1.

In violation of Title 18, United States Code, Section 1832(a)(2).

## FORFEITURE ALLEGATION

1. Upon conviction of one or both of the offenses charged in Counts One and Two of this Indictment, the defendant,

**SHAFAT A. QUADRI,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2323(b):

    a. Any and all articles, the making or trafficking of which is prohibited chapter 90 of Title 18, United States Code;

    b. Any and all property used, or intended to be used, in any manner or part to commit or facilitate the commission of one or both of the offenses charged in Counts One and Two of this Indictment; and

    c. Any and all property, real and personal, constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the commission of one or both of the offenses charged in Counts One and Two of this Indictment, and all property traceable to such property.

2. The property subject to forfeiture includes, but is not limited to, all right, title, and interest of defendant **SHAFAT A. QUADRI** in the following:

| Device | Serial Number |
|---|---|
| General USB Flash Disk USB Device | 127100000000108E |
| General UDisk USB Device | 6&2b90adca&0& |
| General UDisk USB Device | 6&3b3414f6&0& |
| Kingston DataTraveler 3.0 USB Device | 60A44C4138F0F160798B0248 |
| SanDisk Cruzer Glide USB Device | 4C530001160108108290 |
| TOSHIBA External USB 3.0 USB Device | 20150314006760F |
| Ut165 USB Flash Disk USB Device | 000000000002A7 |

## SUBSTITUTE ASSETS PROVISION

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2323(b)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: 23-64 (MCA)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

SHAFAT A. QUADRI

## INDICTMENT FOR

18 U.S.C. § 1832(a)(1)
18 U.S.C. § 1832(a)(2)

A True Bill,

███████████████████████

Foreperson

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

SAMMI MALEK
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2919